**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                         **Plaintiff,**

    vs.                                      **5:12-cv-00261**
                                             **(MAD/ATB)**
**ROY SMITH,**

                         **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**OVERTON, RUSSELL LAW FIRM**      **LINDA L. DONOVAN, ESQ.**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**ROY SMITH**
Defendant *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 10, 2012, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. On March 28, 2012, Plaintiff moved for an entry of default, which was entered by the Clerk of the Court on March 29, 2012. *See* Dkt. Nos. 4, 6. On March 29, 2012, Plaintiff moved for default judgment against Defendant and supplemented its motion on July 25, 2012. *See* Dkt. Nos. 7, 10.

Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure.

### II. DISCUSSION

**A.     Standard of Review**

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-plead factual allegations in the complaint pertaining to liability." *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008). "The burden on is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination

2

through a hearing.'" *Id.* at 190 (quotation omitted).

B.     **Application**

In the present matter, Plaintiff has established through its complaint, motion for default judgment and attached exhibits that it is entitled to judgment in its favor. The complaint and summons were properly served on March 6, 2012. *See* Dkt. No. 3. Return of service was filed on March 20, 2012. *See id.* Defendant has failed to respond to the complaint. Moreover, Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.[1] As such, Defendant has defaulted within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure and the following factual allegations are deemed true for purposes of establishing liability. *See United States v. Beam*, No. 6:12-CV-0087, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012) (holding that by failing to answer the plaintiff's complaint or respond to this motion, the defendant "has effectively conceded" that he is subject to the terms of the promissory note, and is liable for the money owed).

On or about March 25, 1994, Defendant executed a promissory note to secure a loan from Chemical Bank through the Federal Family Education Loan Program Consolidation. *See* Dkt. No. 10 at 11. The loan was disbursed for $9,143.21 on May 3, 1994, at nine (9) percent per annum. *See id.* The holder of the loan demanded payment according to the terms of the note, and

---

[1] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must also submit "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of judgment, a per diem rate of interest, and the costs and taxable disbursements claimed." LOCAL RULES N.D.N.Y. 55.2(a). Also in accordance with Local Rule 55.2, Plaintiff has amply demonstrated that Defendant is not in the military service and that he is not an infant or incompetent. *See* Dkt. Nos. 4, 7; LOCAL RULES N.D.N.Y. 55.2(a)(2).

3

credited $28.11 to the outstanding principal on the loan. *See id.* Defendant defaulted on the obligation on December 21, 2000, and the holder filed a claim on the loan guarantee. *See id.*

Due to this default, the guarantee agency paid a claim in the amount of $10,009.68 to the holder. *See id.* The guarantor was then reimbursed for that claim payment by the United States Department of Education under its reinsurance agreement. *See id.* Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. *See id.* The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on November 8, 2006, the guarantor assigned its right and title to the loan to Plaintiff. *See id.*

Since the assignment of the loan, Plaintiff has credited a total of $0.00 in payments from all sources to the balance. As of July 24, 2012, Defendant owes the following:

    Principal:    $10,009.68

    Interest:    $10,439.01

    Total:    $20,448.69

*See id.* Moreover, according to the Certificate of Indebtedness, interest accrues on the principal at the rate of 9.00% interest per annum, which equals a daily rate of $2.47. *See id.*

Plaintiff requests that the Court enter judgment for the above amount, together with pre- and post-judgment interest, and an award of costs.

As discussed, Plaintiff contends that Defendant remains indebted for the unpaid principal balance of the loan of $10,009.68. Plaintiff has supported its claim with a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst from the United States Department of Education. *See id.* Further, Plaintiff has included a copy of the promissory note signed by Defendant, and a "Statement of Purchased Account." *See id.* at 7-9, 12-13. These facts and exhibits satisfy the Court that Plaintiff is entitled to judgment for the unpaid principal

balance of the loan.

Pursuant to 34 C.F.R. § 682.410, Plaintiff is also entitled to the amount of interest accrued on the loan at the rate agreed to by the borrower in the promissory note. That regulation, and those under the same part, was promulgated by the Department of Education for the purpose of administering various federal student loan programs, and requires that "the guaranty agency" "charge the borrower interest on the amount owed . . . at a rate that is the greater of," among other rates, the one "established by the terms of the borrower's original promissory note." 34 C.F.R. § 682.410(b)(3)(i).

In the present case, Defendant agreed to a 9.00% annual interest rate. *See id.* at 7, 11. Using this rate, Plaintiff has calculated that, as of July 24, 2012, Defendant owed prejudgment interest of $10,439.01. *See id.* Since July 24, 2012, prejudgment interest has continued to accrue on the loan at the rate of $2.47 per day. *See id.* As such, including today (the date of judgment), 165 days have passed and, therefore, Defendant owes an additional $407.55 in prejudgment interest. When added to the unpaid principal and prejudgment interest already calculated, the total amount due under the promissory note through today is $20,856.24.

Moreover, pursuant to 28 U.S.C. § 1961(a), Plaintiff is also entitled to post-judgment interest, which it has sought here. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

In addition to the principal and interest on the loan, Plaintiff seeks $35.00 for the cost of service of process. An award of costs is proper when the Government is a party to the action. *See* 20 U.S.C. § 1091a(b)(1); 28 U.S.C. § 2412(a)(1)-(2). As such, the Court awards Plaintiff the

requested costs in the amount of $35.00.  *See United States v. Washington*, No. 08-CV-5083, 2009 WL 6636862, *3 (E.D.N.Y. Dec. 14, 2009).

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED**; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principal and prejudgment interest through January 4, 2013 of $20,856.24;

(2) post-judgment interest accruing at the statutory rates as discussed above; and

(3) costs in the amount of $35.00; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: January 4, 2013
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge